# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

---

| | |
|---|---|
| **GARY DEAN WALKER** | **CIVIL ACTION NO. 03-1911-P** |
| **VERSUS** | **JUDGE WALTER** |
| **STEVE PRATOR, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Gary Dean Walker ("Walker"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on October 14, 2003. Walker claims his civil rights were violated during his arrest and subsequent incarceration at the Caddo Correctional Center ("CCC") in Shreveport, Louisiana. He names Officer Mandles, Shreveport Police Officer John Doe 1, Shreveport Police Officer John Doe 2, Steve Prator, Jim Roberts, John Sells, Richard Van Rosendall, S. Mitchell, Deputy McLofton, Deputy Pace, Kirby Dawson, Carol Martin, Commander Coleman, Lt. Leach, Deputy Gay, Deputy John Wright, Deputy Jack Brown, R. Grear, Sgt. Walker, Sgt. Mosely, ERT John Doe 1, ERT

John Doe 2, ERT John Doe 3, ERT John Doe 4 and ERT John Doe 5 as defendants[1].

Walker was ordered on June 29, 2005, to furnish the Clerk of Court in Shreveport, Louisiana, within thirty (30) days after service of that order, one (1) copy of the complaint and two (2) completed summonses for each defendant in this action, for service. [Doc. 14]. To date, Walker has not done so.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. *See Link v. Wabash Railroad Company*, 370 U.S. 626, 82 S.Ct. 1386 (1962); *Rogers v. Kroger Company*, 669 F.2d 317, 320-321 (5th Cir. 1983).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the

---

[1]Walker has named other defendants and filed other claims, including the denial of medical care, which this Court ordered dismissed on October 6, 2005. [Doc. 17].

District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. *See Douglass v. U.S.A.A.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Monroe, Louisiana, on this 27th day of October, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

CC:DEW